[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS #105
In an application dated November 1, 2000, the plaintiff, Peter Malara d/b/a Microsourcing, brought a replevin action against the defendant, International Microwave Corporation. The plaintiff alleges that pursuant to a written purchase order, the defendant purchased electronic components from the plaintiff. The plaintiff alleges that the goods were shipped and delivered to the defendant, but that the defendant has not yet paid for the goods. On December 28, 2000, the defendant moved to dismiss the plaintiff's replevin action on the ground that the court lacks jurisdiction as a result of a prior pending action between the parties.[1] The defendant argues that on April 27, 2000, the plaintiff brought an action[2] against the defendant seeking damages for non-payment regarding the same goods which the plaintiff now seeks to replevy[3] The defendant contends, therefore, that the two actions are alike and involve the same transaction and consequently, the replevin action should be dismissed. The plaintiff responds that the first action alleges a breach of contract and the second action is for a return of goods and therefore, the prior pending action doctrine does not apply as the two actions are not alike, but distinctly different.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v.Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991). "The motion to dismiss . . . admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone." (Internal quotation marks omitted.)Barde v. Board of Trustees, 207 Conn. 59, 62, 593 A.2d 1000 (1988); see also Hospitality Systems, Inc. v. Oriental World Trading Co. Ltd., CT Page 3656 Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 169927 (February 1, 2000, Karazin, J.).
"The pendency of a prior suit of the same character, between the same parties, brought to obtain the same end or object, is, at common law, good cause for abatement. It is so, because there cannot be any reason or necessity for bringing the second, and, therefore, it must be oppressive and vexatious. This is a rule of justice and equity, generally applicable, and always, where the two suits tare virtually alike, and in the same jurisdiction." (Internal quotation marks omitted.) CumberlandFarms, Inc. v. Town of Groton, 247 Conn. 196, 216, 719 A.2d 465 (1998). "[T]he fact that different relief is sought does not prevent [dismissal] of a second action adjudicating the same underlying rights." (Brackets in original; emphasis in original; internal quotation marks omitted.) Gaudiov. Gaudio, 23 Conn. App. 287, 296, 580 A.2d 1212, cert. denied,217 Conn. 803, 584 A.2d 471 (1990).
In the present action, the plaintiff seeks recovery of the goods in satisfaction of the alleged non-payment by the defendant. In the prior action, the plaintiff seeks breach of contract damages against the defendant for alleged non-payment regarding the same goods. In both actions, the underlying issues involve the goods shipped by the plaintiff to the defendant. Although the actions seek different types of remedies, the underlying issues in the two actions are alike and attempt to adjudicate the same underlying rights. See Midstates Resources Corp. v.Herman, Superior Court, judicial district of Danbury, Docket No. 325151 (March 24, 1997, Moraghan, J.) (19 Conn.L.Rptr. 393) (court granted motion to dismiss holding that prior pending action doctrine applied as plaintiff's present replevin action and plaintiff's prior action for defendants' alleged default on promissory notes had identical underlying issues and rights).
Accordingly, the defendant's motion to dismiss is hereby granted.
MINTZ, J.